# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANNY JARVIS,

    Plaintiff,

vs.

NYE COUNTY, et al.,

    Defendants.

Case No. 2:13-cv-00394-APG-VCF

**O R D E R**

    Plaintiff has paid the initial partial filing fee. The court has reviewed his civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff will need to file an amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff has sued Nye County. He also has sued Tony Demeo, the Nye County Sheriff, and Rick Marshal, the undersheriff, in their official capacities. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). To succeed with claims against Nye County or against Demeo and Marshall in their official capacities, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom. Monell, 436 U.S. at 690. However, none of plaintiff's allegations in the body of the complaint indicate that there was any official action by Nye County.

Count II also is defective. It appears to incorporate by reference the facts alleged in count I, in which plaintiff claims that he was detained unlawfully from January 4, 2013, to February 26, 2013. Count II is a claim that plaintiff suffered mental anguish and depression from that detention. Plaintiff cannot maintain a claim for mental or emotional injuries without first proving that he suffered physical injury. 42 U.S.C. § 1997e(e). Count II contains no allegations of physical injury.

The court will give plaintiff the opportunity to file an amended complaint that corrects these defects. Plaintiff also will need to re-allege his claims in counts I and III, or they will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff has submitted an ex parte motion to appoint marshal to serve summons and complaint (#5). This motion is unnecessary. If plaintiff corrects the defects noted above, then the court will direct the marshal to serve defendants because plaintiff is proceeding in forma pauperis.

Plaintiff has submitted a motion for appointment of counsel (#9).

There is no constitutional right to appointed counsel in a § 1983 action. However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)]. To decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.

Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted), withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The court finds that exceptional circumstances do not exist in this case, and the court denies the motion.

IT IS THEREFORE ORDERED that plaintiff's ex parte motion to appoint marshal to serve summons and complaint (#5) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (#9) is **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-00394-APG-VCF, above the word "AMENDED."

DATED: October 8, 2013.

_____
ANDREW P. GORDON
United States District Judge